FRANK E. MIX v. JAMES H. EGE, Sheriff.[1]

January 4, 1897.

Nos. 10,314—(187).

**Evidence—Redirect Examination.**

Certain evidence, given on redirect examination, *held* competent as explaining more fully a fact brought out on cross-examination, and as showing all the transactions of the plaintiff and his vendor in regard to the property purchased.

**Same.**

Certain other evidence, given on redirect examination, *held* competent to rebut an inference which might be drawn from the cross-examination.

**Fraudulent Conveyance—Evidence.**

The issue in this action was whether the property in question was transferred to the plaintiff to defraud creditors. *Held*, under the circumstances, it was not error to refuse to receive in evidence the records in an action brought by another creditor of the alleged fraudulent vendor, in which action a writ of attachment (prior to that sued out by defendant) was issued, and levied on some of the same property, just after plaintiff had taken possession of it.

**Same.**

Under a claim that the property had been sold by the debtor to M., and by M. to plaintiff, *held*, it was not error to receive in evidence the bill of sale from the debtor to M.

**Bona Fide Purchaser.**

*Held*, defendant's first request to charge ignores the fact that M. may have been an innocent purchaser, whose rights plaintiff may have acquired, and was therefore properly refused.

**Rulings.**

Other unimportant rulings considered.

Appeal by defendant from an order of the district court for Hennepin county, Belden, J., denying defendant's motion for a new trial, after a verdict in favor of plaintiff for $40. Affirmed.

*Jayne & Morrison,* for appellant.

*John W. Gilger,* for respondent.

CANTY, J. This is an action of replevin. In his answer, defendant denies that the goods and chattels in question are the goods of

1 Reported in 69 N. W. 703.

plaintiff, but alleges that they are the goods of one Feldman; that defendant, at the time of taking the same, was sheriff of Hennepin county, and took them on a writ of attachment issued out of the district court of that county in an action wherein Noyes Bros. & Cutler are plaintiffs and Feldman is defendant. On the trial plaintiff had a verdict, and from an order denying a new trial defendant appeals.

Feldman had been the owner of the goods and chattels in question, consisting of a stock of cigars, tobacco, and store fixtures, with which business was being carried on in a retail store. Plaintiff claims that Feldman sold out to one McGuire, who two days afterwards sold to plaintiff. Immediately thereafter a writ of attachment was levied on the property in an action brought by one Grosse against Feldman.

1. On the redirect examination of plaintiff as a witness on his own behalf on the trial, the court permitted him, against objection and exception, to testify that he then "made a kick to McGuire," who stated that this attachment would not hold, that he would fight it, and that he further stated:

"We have got a lot of goods here. Let them take these cigars— Let them take out that much, and I will guaranty we'll get the goods back, or I'll give you credit for them."

This is assigned as error. We are of the opinion that it was competent, for two reasons: (1) The defendant had already gone into the same matter on cross-examination, and (2) this evidence showed more fully the transaction between plaintiff and McGuire in relation to the stock of goods and fixtures in question.

2. On cross-examination, plaintiff testified that when he bought the property he was engaged with the National Cash-Register Company, and could not run the cigar store himself, but employed another as clerk. On redirect examination he testified, against objection and exception, that at the time he purchased the property he expected his relations with the company would cease; that he had an intimation to that effect. This is assigned as error. It was competent to explain the cross-examination, and rebut any inference of bad faith on his part in purchasing a business which, by reason of his employment elsewhere, he could not personally manage.

3. Defendant offered in evidence the records in the case of Grosse v. Feldman, and the court rejected the same. We cannot say that this was error. The writ of attachment in that case was levied, and

the property levied on carried away by the police officer, three days before the writ in the Noyes Bros. & Cutler case was issued or levied on the remainder of the property by the sheriff. It was competent to show the prior attachment, and the acts and conduct of plaintiff in reference to the same.

But the only theory on which the records in that case could have been competent evidence in this is that before plaintiff parted with the consideration for his purchase he had obtained sufficient knowledge of the charges made in the Grosse case to put him on inquiry, and that, if he had inquired, he would have discovered that Grosse's affidavit of attachment in these records charged that Feldman was about to dispose of his property with intent to defraud his creditors. Plaintiff testified that he had already given his negotiable promissory notes to McGuire for the full amount of the purchase price, but had not yet given the mortgage to secure the same, when the Grosse attachment was levied. Plaintiff was not learned in the law, and does not appear to have consulted an attorney in reference to the Grosse attachment. McGuire took the matter off his hands, and gave him credit for the amount of goods seized on that attachment, and indorsed the same on his notes.

We cannot say that under these circumstances the plaintiff, a layman, should have known that by consulting the court files in the Grosse case he would have learned any more than he had learned from the fact that the property he was purchasing or had purchased from McGuire was claimed as the property of Feldman on a writ of attachment against him.

4. The court did not err in receiving in evidence the bill of sale from Feldman to McGuire.

5. Defendant assigns as error the refusal to give his first request to instruct the jury, which charges, in substance, that plaintiff is not an innocent purchaser unless he purchased without notice of any intention to defraud on the part of the vendor, and paid a valuable consideration for the property before he had notice of such fraud. This request is misleading, and was properly refused, because it leaves out of consideration the fact that McGuire might have been an innocent purchaser for value without any such notice, and, if so, plaintiff, whether he had notice or not, could have purchased McGuire's rights. Whether or not the giving of plaintiff's notes to McGuire

was a sufficient consideration or payment of the purchase price to protect plaintiff against subsequent notice of fraud received by him before he paid the notes is a question which appellant now attempts to raise on another portion of this request. But, if the request is bad in part, we will not consider the rest of it.

The second and third requests were fully, completely, and effectively covered by the general charge. The fourth request is erroneous in assuming that plaintiff does not claim that McGuire had title to the property when plaintiff purchased from him.

This disposes of all the questions raised worthy of consideration, and the order appealed from is affirmed.